# SOUTHERN DEPARTMENT.

## PRESENT:

HON. A. W. DENNISON, PRESIDING JUDGE.
HON. B. F. MILTON, } ASSOCIATE JUDGES.
HON. M. SCHOONOVER, }

## THE SEHRT-PATTERSON MILLING COMPANY v. J. D. LEVAN.

### No. 355.* (58 Pac. 275.)

1. CHATTEL MORTGAGE—*Assignment.*  B. borrowed $2000 of S. and gave S. his promissory note secured by a mortgage on a quantity of wheat.  B. afterward delivered part of the wheat to the mortgagee at an agreed price per bushel.  A short time after such delivery the mortgagee executed the following assignment upon the back of the mortgage: "I hereby assign to J. D. L., or his assigns, the note by the within mortgage secured, and do hereby assign all my right, title and interest in the goods and chattels described herein."  *Held*, that S. owned the wheat at the time such assignment was executed and that the assignment was sufficient to transfer his title to L.

2. ———— *Title to Property—Finding of Jury.*  The question as to whether the defendant had acquired title to the wheat in controversy prior to the execution of the assignment to L. was fairly submitted to the jury under proper instructions and the jury found against the defendant.  There was some evidence to support the finding, and the verdict, having been approved by the trial court, will not now be disturbed.

3. ———— *Instruction.*  The instruction complained of examined, and *held*, that, viewed in the light of the entire charge, the instruction was not misleading.

*Petition for order to certify denied by supreme court November 11, 1899.—REP.

Error from Montgomery district court; A. H. Skidmore, judge.    Opinion filed September 19, 1899.    Affirmed.

*J. D. McCue,* and *Dooley & Keith,* for plaintiff in error.

*T. H. Stanford,* and *Wm. Dunkin,* for defendant in error.

The opinion of the court was delivered by

Schoonover, J. : Action of replevin was brought in the district court of Montgomery county by defendant in error J. D. Levan to recover possession of a quantity of wheat.

The facts, as they appear from the record, are as follows : One Adam Beatty borrowed of Jacob Sehrt, who was at that time the general manager of the Sehrt-Patterson Milling Company, the plaintiff in error herein, $2000, and gave to Sehrt his note secured by a mortgage upon a large quantity of wheat. Afterward Beatty, under the terms of the mortgage, delivered in the elevator of the milling company at Coffeyville, Kan., the wheat in suit, and which was a part of the wheat described in the mortgage.    The wheat was placed in the elevator and mixed with other wheat belonging to plaintiff in error.

At the time the wheat was delivered Sehrt was absent from Coffeyville, and upon his return he instructed the bookkeeper to credit him upon the books of the company with the sum of $1474.05, the value of the Beatty wheat.    This entry bears date as of March 24. Sehrt then instructed the bookkeeper to draw an order upon the treasurer of the company for the price of the wheat.    The order was drawn and delivered to one

Kemp for collection.  Upon presentation of the order to the treasurer of the milling company payment was refused.

On March 28, 1894, Sehrt executed a written assignment upon the back of the mortgage, as follows :

"COFFEYVILLE, KAN., March 28, 1894.

"For and in consideration of $2000, I hereby assign and transfer to J. D. Levan, or his assigns, the note by the within mortgage secured, and do hereby assign all my right, title and interest in the goods and chattels described herein."

A few days after the execution of the assignment Levan demanded the wheat or payment therefor, and, upon refusal by the plaintiff in error to deliver the wheat or pay for it, commenced this action for its recovery.  Trial was had before a jury, judgment rendered in favor of plaintiff, and the defendant brings the case here for review.

Counsel for plaintiff in error ably argue in their brief certain assignments of error that have force and effect only upon the theory that Levan could only maintain his action as assignee of the mortgagee ; that the mortgage was extinguished, so far as the wheat in suit is concerned, prior to the time that the assignment was made to Levan, and that he was therefore not entitled to recover.  We think, however, that Levan could maintain his action as vendee of Sehrt. The language of the assignment was " *do hereby assign all my right, title and interest in the goods and chattels described herein.*"  If, as counsel for plaintiff in error argue, the mortgage lien upon the wheat was extinguished, then the title to the wheat had vested in Sehrt, and we think that the language of the assignment would constitute a transfer of the title to such wheat to Levan.  If the mortgage was not extin-

guished, then Levan could maintain his action as assignee of the mortgagee. It is therefore immaterial whether or not the mortgage lien was extinguished at the time the assignment was made.

We think that the controlling question in this case is, Did Sehrt, prior to the time of making the assignment to Levan, make a valid sale of the wheat to plaintiff in error?

This question was fairly submitted to the jury, and was resolved adversely to the plaintiff in error. There was some evidence to support the verdict, and it having been approved by the trial court, will not now be disturbed.

Plaintiff in error complains of certain instructions given by the court, but viewed in the light of the entire charge we do not think that the error, if any there be, was such as to prejudice the rights of the plaintiff in error, and the judgment of the district court will therefore be affirmed.